# MANDATE

*(handwritten: NHCT / 01-cv-2280 / 01-cv-2281 / Chatigny)*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

*(stamp: FILED 2003 NOV 24 P 2: 25 US DISTRICT COURT HARTFORD CT)*

## SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 10TH day of OCT., two thousand and three.

PRESENT:

> HON. RICHARD J. CARDAMONE,
> HON. ROGER J. MINER,
> HON. GUIDO CALABRESI,

*(stamp: UNITED STATES COURT OF APPEALS FILED OCT 10 2003 SECOND CIRCUIT)*

> *Circuit Judges*

---

JOHN J. MCCANN, individually and on behalf of all others similarly situated,

> *Plaintiff-Appellant,*

v.                          Nos. 02-9291, 02-9294

ROYAL GROUP, INC., ROYAL & SUNALLIANCE INSURANCE PLC,

> *Defendants-Appellees.*

---

JOHN J. MCCANN, individually and on behalf of all others similarly situated,

1

1    *Plaintiff-Appellant,*
2
3                                    v.                    Nos. 03-7639, 03-7640
4
5    ROYAL GROUP, INC., ROYAL & SUNALLIANCE
6    INSURANCE PLC,
7
8        *Defendants-Appellees.*
10
11 ─────────────────────────────────────────
12
13
14   For Plaintiff-Appellant:
15                                         PETER A. CROSS, Jacob, Medinger &
16                                         Finnegan, LLP, New York, NY
17   For Defendants-Appellees:
18                                         ALBERT ZAKARIAN, Day, Berry &
19                                         Howard, Hartford, CT (Eric L. Sussman, *on*
20                                         *the brief*)
21
22       Appeal from the United States District Court for the District of Connecticut (Chatigny,
23   C.J.).
24
25
26
27
28   **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**
29   **DECREED** that the judgment of the District Court is **AFFIRMED.**
30
32
33       Plaintiff-Appellant John McCann, formerly the Executive Vice President and Chief Legal

34   Officer of Orion Capital Corporation ("Orion"), filed individual and class action suits against

35   Royal Group, Inc. and Royal & SunAlliance Insurance PLC ("Royal"), alleging that these

36   defendants caused Orion not to pay out certain benefits to which he and similarly situated

37   employees were entitled.  McCann claims that the defendants did this by dominating and

1  controlling Orion after Orion merged with one of their subsidiaries,[1] and that their conduct

2  constituted tortious interference with McCann's employment agreement with Orion

3  ("Agreement") as well as a violation of Conn. Gen. Stat. § 31-72 and the federal Employee

4  Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*

5       The plaintiff originally brought suit in Connecticut Superior Court, and the cases were

6  removed to federal district court in 2001.  The district court approved and adopted a magistrate

7  judge's recommendation that the defendants' motion to compel arbitration of McCann's claims be

8  granted.  Finding no non-arbitrable issues, the court dismissed the actions.  Subsequently, the

9  plaintiff filed a Rule 60 motion to include an additional affidavit in the record on appeal, which

10  the district court denied.  We affirm the district court's rulings.

11       The plaintiff's employment agreement with Orion contained a broad arbitration clause.[2]

12  McCann contends, however, that the clause is inapplicable to this dispute.  He argues that (1) the

13  content of the Agreement with Orion is irrelevant to his tort claims against Royal; (2) Royal has

14  disavowed liability for Orion's obligations under the Agreement and therefore cannot invoke the

15  Agreement's arbitration clause; and (3) even if the Agreement were applicable to these suits, its

16  arbitration clause does not encompass tort claims against third parties.

17       We have been willing "'to estop a signatory [to a contract] from avoiding arbitration with a

18  nonsignatory when the issues the nonsignatory is seeking to resolve in arbitration are intertwined

---

[1] On the record before us, we cannot determine whether Orion and Royal's subsidiary actually merged or instead, as a result of various agreements, Royal simply became the dominant shareholder in Orion. For purposes of this order it does not matter which occurred.

[2] The arbitration clause read, in relevant part: "Any controversy or claim arising out of or relating to this Agreement, the breach thereof or the coverage of this arbitration provision shall be settled by arbitration . . . ."

3

1    with the agreement that the estopped party has signed,'" *Smith/Enron Cogeneration Ltd. P'ship v.*

2    *Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 98 (2d Cir. 1999) (emphasis omitted) (quoting

3    *Thomson-CSF, S.A. v. Am. Arbitration Ass'n*, 64 F.3d 773, 779 (2d Cir. 1995)); *see also Choctow*

4    *Generation Ltd. v. Am. Home Assurance Co.*, 271 F.3d 403, 406-07 (2d Cir. 2001); and *Astra Oil*

5    *Co. v. Rover Navigation, Ltd.*, 2003 WL 22171498 (2d Cir. Sept. 22, 2003). We have done this, at

6    least where the estopped party has treated a non-signatory and another signatory as one and the

7    same. *See Smith/Enron*, 198 F.3d at 98. That is precisely what the plaintiff has here done. The

8    plaintiff, moreover, concedes that a court considering his tort claim will be forced to parse the

9    Agreement with Orion in order to determine whether Royal caused Orion to breach that contract.

10    The instant dispute is, therefore, inextricably intertwined with the Agreement. Finally, given the

11    breadth of the Agreement's arbitration clause, that clause is unquestionably applicable to this

12    dispute. *See Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 19-20 (2d Cir. 1995).

13          Through his Rule 60(b) motion, the plaintiff sought to include in the record on appeal an

14    affidavit that his former counsel neglected to file. Quite apart from the fact that the district court

15    correctly pointed out that the proffered affidavit would not affect the result in this case, we believe

16    that the court acted well within its discretion in determining that no "extraordinary circumstance"

17    warranted the affidavit's admission. *See DeWeerth v. Baldinger*, 38 F.3d 1266, 1272 (2d Cir.

18    1994).

19          We have considered all of the appellant's arguments,[3] and found them to be meritless.

---

[3] Appellant also asserts that other employees, not necessarily subject to the Agreement, were improperly deprived of benefits. In view of our holding, McCann cannot represent these other employees. We therefore can affirm the district court's judgment as to McCann without expressing any view with respect to the rights of such other employees should they wish to bring

1    Accordingly, we AFFIRM the judgments of the district court.[4]

2

3                                                    For the Court,

4                                                    ROSEANN B. MACKECHNIE,

5                                                    Clerk of the Court

6

7

8                                                    by: *Lucille Carr*

A TRUE COPY
Roseann B. Mackechnie, CLERK

by_____
        DEPUTY CLERK

suit.

    [4] Also before us is appellees' motion to file a supplemental appendix containing a copy of the Agreement; that motion is hereby GRANTED.

                                5